IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DORIAN SANFORD,**

    **Plaintiff,**

    **vs.**
                                          Civil Action 2:15-cv-1424
                                                 Judge Sargus
                                                 Magistrate Judge King

**ASHTON B. CARTER,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(a), ECF 1, is **GRANTED**.

It is **ORDERED** that the plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render service in this action shall do so as if the costs had been prepaid.

Federal law requires that the Court perform an initial screen of the *Complaint* and dismiss any claim that, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Having performed that initial screen, the Court concludes that the *Complaint* fails to state a claim for relief against all defendants except defendant Carter, the Secretary of Defense. It is therefore recommended that all defendants except defendant Carter be dismissed.

Plaintiff, a federal employee, alleges that she has been subjected to sex and race discrimination, sexual harassment, a hostile

1

work environment and retaliation. The *Complaint* names as defendants Ashton B. Carter, the Secretary of Defense, and seven (7) other individuals, but refers only to plaintiff's supervisor and co-workers without naming those persons.

As a federal employee, plaintiff's exclusive remedy for her claims of employment discrimination is found in Title VII, 42 U.S.C. § 2000e-16. *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976); *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). The only proper defendant in a claim under § 2000e-16 is the head of the employing department, agency or unit, 42 U.S.C. § 2000e-16(c), in this case the Secretary of Defense. *See also Mulhall*, 287 F.3d at 550. The *Complaint* fails to state a claim for relief against the other individual defendants.

It is therefore **RECOMMENDED** that the claims against all defendants except defendant Ashton B. Carter be dismissed for failure to state a claim for relief.

It is **ORDERED** that the United States Marshal make service of process by certified mail on defendant Ashton B. Carter, the Attorney General of the United States and the United States Attorney for the Southern District of Ohio. *See* Fed. R. Civ. P. 4(i).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                             *s/  Norah McCann King*
                                                  Norah M$^c$Cann King
                                       United States Magistrate Judge

April 24, 2015