# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DORIAN SANFORD, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:15-cv-1424 |
| | : | |
| v. | : | CHIEF JUDGE EDMUND A. SARGUS, JR. |
| | : | |
| JAMES N. MATTIS, Secretary, | : | MAGISTRATE JUDGE KIMBERLY A. JOLSON |
| United States Department of Defense,[1] | : | |
| | : | |
| Defendant. | : | |

## PROTECTIVE ORDER

It is hereby ORDERED, pursuant to 5 U.S.C. § 552(a)(b) (11) and Federal Rule of Civil Procedure 26(c), 5.2(a), and (e)(1),(2) that:

1. This Protective Order shall govern the production and disclosure of any documents, electronically stored information, materials, things, discovery material (including responses to interrogatories, depositions, and requests to admit), materials filed with the Court, or testimony in this action.

2. The United States and Plaintiff are entitled to assert other objections and privileges to those documents or to withhold any document or information based on applicable law, and make appropriate redactions.

3. This order is entered for the purpose of protecting against the unauthorized disclosure of the contents of the Official Personnel Files (OPF), emails and disciplinary and/or termination files and Equal Employment Opportunity Commission Files (EEOC) of persons employed or formerly employed by the United States Department of Defense, including but not

---

[1] On January 20, 2017, James N. Mattis became Secretary of the United States Department of Defense, automatically substituting for Ashton B. Carter, the previous Secretary. FED. R. CIV. P. 25(d).

limited to medical or health care information, of information covered by the Privacy Act, 5 U.S.C. § 522a, and of taxpayer information protected by 26 U.S.C. § 6103.

4. This order permits the disclosure, in the course of this action, of records contained within a system of records, as described by the Privacy Act, 5 U.S.C. § 522a, of records protected under the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 (HIPAA), and records containing taxpayer return or return information protected under 26 U.S.C. § 6103, reasonably necessary or useful to respond to discovery or to defend this action. The order does not otherwise affect any objections to discovery made pursuant to the Federal Rules of Civil Procedure.

5. Information subject to this order shall be disclosed by Plaintiff and/or her counsel only, and Defendant United States and/or his counsel only, to their potential witnesses, whether lay or expert, and only through their attorneys. Plaintiff and/or her counsel and Defendant and/or his counsel shall not disclose any of the records or information to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and/or prosecution of this case. Plaintiff and/or her counsel and Defendant and/or his counsel and their witnesses shall maintain such records in strict confidence, and are prohibited from copying such records or disclosing or discussing their contents, except as is necessary for purposes of this litigation. Any persons to whom the documents, or information contained in the documents, are disclosed shall be given a copy of this Order and be advised of its terms.

6. All non-public documents, electronically stored information, files, portion of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart summary, note, or copy made therefrom, that contains the information described in paragraphs 3 or 4 of this Protective Order, information described in Fed. R. Civ. P. 5(a), or that a party

believes in good faith contains proprietary, confidential, personal, or otherwise sensitive information that is entitled to protection from disclosure under applicable law shall be deemed confidential and proprietary, and the production and use of said records in this civil action shall proceed only in accordance with the following terms:

    a.    Documents should be marked as "CONFIDENTIAL." Any CD or other disc or device containing confidential information should also be labeled "CONFIDENTIAL." If a document is inadvertently produced that is not marked "CONFIDENTIAL," but contains information described in paragraph 3 or 4 of this Protective Order, or in Fed. R. Civ. P. 5(a), then the receiving party should treat the document in accordance with this Protective Order;

    b.    The word "CONFIDENTIAL" should be marked next to any response to a discovery request that contains confidential information;

    c.    With respect to transcribed testimony provided by any witness or party, written notice should be given to opposing counsel designating such portions as "CONFIDENTIAL" no later than 14 calendar days after receipt of the transcribed testimony;

    d.    Plaintiff and/or her counsel and Defendant and/or his counsel shall take all reasonable steps to protect the privacy of individuals who are not parties to this litigation in any filing with the Court that contain records or summaries of records that are protected by this order. Reasonable steps may include, but are not limited to, redacting the information described in paragraphs 3 and 4 of this Protective Order and the information described in Fed. R. Civ. P. 5(a), and/or using the initials of the individual nonparty to this litigation. If either party determines that information relating to the privacy of individuals who are not parties to this litigation must be disclosed in a filing with the Clerk of Court, then such party must file the document(s) containing such information under seal. The filing party will bear the burden of

demonstrating good cause, which must be established through a separate Motion to Seal filed in accordance with the Rules of this Court;

    e.    Plaintiff and/or her counsel and Defendant and/or his counsel may challenge the designation of records as subject to this order by motion to the Court, and such motion shall contain a certification that the challenging party has in good faith conferred or attempted to confer with the designating party in an effort to resolve any disagreement about such designation; and

    f.    All documents, including any duplication or copy, save those filed with the Court, shall be returned to the United States' Counsel within sixty (60) days after termination of this litigation. "Termination of this litigation" shall occur upon the entry of a final order of this Court, or the expiration of the time for an appeal of the final order of the District Court by any party, or the entry of the mandate by the Court of Appeals after the disposition of an appeal of the final order of the District Court by any party, or the denial of a petition for writ of certiorari by the Supreme Court, or the disposition of an appeal by the Supreme Court, whichever applies. The receiving parties shall certify that all records and copies thereof have been returned to the disclosing party, or, if the disclosing party agrees, destroyed.

7.    This Protective Order does not constitute a ruling on the question of whether particular records are discoverable, authentic, or admissible, and it shall not be construed as a waiver of any objections which might be raised as to the admissibility of any records or information produced pursuant to this order, or any testimony resulting therefrom, including deposition testimony.

8.    Any allegations of abuse or violation of this order will be considered by the Court either for purposes of determining whether it should enter sanctions, including a contempt of

court order or sanctions available under Federal Rules of Civil Procedure 26 and 37. If an allegation of abuse or violation of this Order is found, the Court may take disciplinary action upon appropriate parties.

9. In accordance with and in supplementation to Fed. R. Civ. P. 26(b)(5)(B), the parties agree that the inadvertent production of documents or information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). After receiving notice from the designating party that documents or information subject to an applicable privilege or immunity have been inadvertently produced, the receiving party shall not review, copy, or disseminate such documents or information, but shall return such documents or information and all copies of such documents or information to the designating party immediately. If the receiving party believes that it has a good-faith basis for challenging the privilege claim, then the parties shall meet and confer in an effort to resolve the dispute. If the parties cannot resolve their dispute over the inadvertently produced documents or information, then the receiving party shall promptly present the information to the Court for a determination of the claim, in accordance with Fed. R. Civ. P. 26(b)(5)(B).

10. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing a motion with respect to the manner in which information described in paragraphs 3 or 4 of this Protective Order shall be treated at trial.

11. This Protective Order is subject to modification by the Court upon motion of either party.

IT IS SO ORDERED.

Date: April 24, 2017                                   /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE

AGREED TO BY:

JEFF SESSIONS
ATTORNEY GENERAL

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
303 Marconi Blvd., Suite 200
Columbus OH 43215-2326
Phone: (614) 469-5715
christopher.yates@usdoj.gov

ATTORNEY FOR DEFENDANT

-AND-

s/Fred M. Bean/as per e-mail authority 4/27/2017
Fred M. Bean (0086756)
THE SPITZ LAW FIRM, LLC
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Fred.Bean@SpitzLawFirm.com

ATTORNEY FOR DORIAN SANFORD